# Exhibit A



**CORPORATION SERVICE COMPANY®**

null / ALL
Transmittal Number: 14398385
Date Processed: 10/27/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Kevin Jones<br>Cassandra Struble<br>Rebecca Lewis |

| | |
|---|---|
| **Entity:** | Nationwide Insurance Company Of America<br>Entity ID Number  3286566 |
| **Entity Served:** | Nationwide Insurance Company of America |
| **Title of Action:** | Piya Brothers, Inc. d/b/a Triangle Food Mart vs. Nationwide Insurance Company of America |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Tarrant County District Court, Texas |
| **Case/Reference No:** | 048-281732-15 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/26/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Scott G. Hunziker<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION*                               *Cause No. 048-281732-15*

PIYA BROTHERS, INC.
VS.
NATIONWIDE INSURANCE COMPANY OF AMERICA

TO: NATIONWIDE INSURANCE COMPANY OF AMERICA

B/S CORPORATION SERVICE COMPANY-REG AGENT 211 E 7TH ST STE 620 AUSTIN, TX
78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

PIYA BROTHERS INC, D/B/A TRIANGLE FOOD MART

Filed in said Court on October 12th, 2015 Against
NATIONWIDE INSURANCE COMPANY OF AMERICA

For suit, said suit being numbered 048-281732-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### SCOTT G HUNZIKER
Attorney for PIYA BROTHERS INC Phone No. (713)861-0015
Address     26619 I 45 S THE WOODLANDS, TX 77380

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 13th day of October, 2015.

By _____ Deputy
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN

Received this Citation on the 23rd day of October, 2015 at 4:00 o'clock P M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

Cause No. 048-281732-15

PIYA BROTHERS, INC.

VS.

NATIONWIDE INSURANCE
COMPANY OF AMERICA

ISSUED

This 13th day of October, 2015

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        LISA LETBETTER Deputy

SCOTT G HUNZIKER
Attorney for: PIYA BROTHERS INC
Phone No. (713)861-0015
ADDRESS: 26619 I 45 S

THE WOODLANDS, TX 77380

*CIVIL LAW*



*04828173215000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

FILED
TARRANT COUNTY
10/12/2015 3:32:33 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-281732-15

| | | |
|---|---|---|
| PIYA BROTHERS, INC. | § | IN THE DISTRICT COURT |
| D/B/A TRIANGLE FOOD MART | § | |
|    Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| NATIONWIDE INSURANCE | § | |
| COMPANY OF AMERICA | § | |
|    Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Piya Brothers, Inc. d/b/a Triangle Food Mart (hereinafter "Plaintiff"), and complains of Nationwide Insurance Company of America (hereinafter "Nationwide"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.       Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.       This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Fort Worth, Tarrant County, Texas.

### PARTIES

3.       Plaintiff is a business entity located in Fort Worth, Tarrant County,

048-281732-15

Texas.

4.      Defendant Nationwide Insurance Company of America is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 2840 8th Avenue, Fort Worth, Texas 76110, (the "Property").  In addition to seeking economic and penalty-based damages from Nationwide, Plaintiff also seeks compensation from Nationwide for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Nationwide to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiff's Property suffered storm-related damage. Through his residential policy, No. ACP BPRD 7816102277, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around March 15, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Nationwide to help begin the rebuilding process.  By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

048-281732-15

10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Nationwide continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Nationwide has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Nationwide, as well as provided opportunities for Nationwide to inspect the Property.   However, Nationwide failed to conduct a fair investigation into the damage to the Property. Moreover, Nationwide failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Nationwide's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Nationwide.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Nationwide failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.    Nationwide has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Nationwide has furthermore

048-281732-15

failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Nationwide did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Nationwide has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Nationwide in a timely manner.

17.     Nationwide has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Nationwide that failed to conduct a reasonable investigation. Ultimately, Nationwide performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Nationwide has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Nationwide. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Nationwide has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

048-281732-15

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.    All acts by Nationwide were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Nationwide and/or were completed in its normal and routine course and scope of employment with Nationwide.

## CLAIMS AGAINST DEFENDANT

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    Nationwide had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Nationwide breached this duty in a number of ways, including but not limited to the following:

> a. Nationwide was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;
>
> b. Nationwide had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or
>
> c. Nationwide failed to properly complete all adjusting activities associated with Plaintiff.
>
> d. Nationwide's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

048-281732-15

**B.**
**BREACH OF CONTRACT**

25.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26.     According to the policy that Plaintiff purchased, Nationwide had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

27.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

28.     Despite objective evidence of such damages, Nationwide has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.     As a result of this breach, Plaintiff has suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

29.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

   a.  Nationwide's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Nationwide collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to: Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   b.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

048-281732-15

    c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d. Using or employing an act or practice in violation of the Texas Insurance Code;

    e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f. Failure to properly investigate Plaintiff's claim; and/or

    g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Nationwide in low-balling and/or denying Plaintiff's damage claim.

30.    As described in this Original Petition, Nationwide represented to Plaintiff that his insurance policy and Nationwide's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

31.    As described in this Original Petition, Nationwide represented to Plaintiff that its insurance policy and Nationwide's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

32.    By representing that Nationwide would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Nationwide has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

33.    Nationwide has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a)

048-281732-15

(2) of the DTPA.

34.      Nationwide's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Nationwide's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

35.      Nationwide's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

36.      Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Nationwide to his detriment.   As a direct and proximate result of Nationwide's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Nationwide are a producing cause of Plaintiff's damages that are described in this Original Petition.

37.      Because Nationwide's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Nationwide having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Nationwide having intentionally committed such conduct.

38.      As a result of Nationwide's unconscionable, misleading, and deceptive

actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

39.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

40.     Nationwide's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Nationwide engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.  Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.  Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.  Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e.  Misrepresenting an insurance policy by failing to disclose any matter required by

law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

41. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Nationwide, and Plaintiff relied upon these unfair or deceptive acts or practices by Nationwide to his detriment. Accordingly, Nationwide became the insurer of Plaintiff.

42. As a direct and proximate result of Nationwide's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

43. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Nationwide's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Nationwide having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Nationwide having intentionally committed such conduct.

44. As a result of Nationwide's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1)

048-281732-15

(codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

45.      Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

46.      By its acts, omissions, failures and conduct, Nationwide has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

47.      Nationwide has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Nationwide knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.   These acts, omissions, failures, and conduct by Nationwide is a proximate cause of Plaintiff's damages.

### F.
### BREACH OF FIDUCIARY DUTY

48.      Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

49.      Nationwide had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.   As a result, Nationwide owed a duty of good faith and fair dealing to Plaintiff.   Nationwide breached that fiduciary in that:

a.   The transaction was not fair and equitable to Plaintiff;

b. Nationwide did not make reasonable use of the confidence that Plaintiff placed upon it;

c. Nationwide did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d. Nationwide did not place the interests of Plaintiff before its own, and Nationwide used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e. Nationwide placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f. Nationwide did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

50.     Nationwide is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Nationwide's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

51.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

52.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Nationwide has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

53.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Nationwide's failure to properly investigate Plaintiff's claim. Plaintiff also includes Nationwide's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Nationwide's failure to pay for the proper repair of Plaintiff's Property, as to which Nationwide's liability had become reasonably clear.

54.     Additional violations include Nationwide's hiring of and reliance upon

biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Nationwide's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Nationwide's misrepresentations of coverage under the subject insurance policy. Specifically, Nationwide is also guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Nationwide's liability had become reasonably clear;

    e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

    55.    Nationwide has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Nationwide's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

    56.    Plaintiff hereby incorporates by reference all facts and circumstances in

048-281732-15

the foregoing paragraphs.

57.        Nationwide is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Nationwide did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Nationwide is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

58.        Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.        Plaintiff would show that Nationwide perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Nationwide fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

60.        Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

61.        By reason of Plaintiff's reliance on Nationwide's fraudulent

048-281732-15

representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

62.     Plaintiff further alleges that because Nationwide knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Nationwide, and constitute conduct for which the law allows the imposition of exemplary damages.

63.     In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

64.     Accordingly, Plaintiff requests that penalty damages be awarded against Nationwide in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

65.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

66.     Nationwide has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

67.     Nationwide's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

048-281732-15

## ADDITIONAL DAMAGES & PENALTIES

68.     Nationwide's conduct was committed knowingly and intentionally. Accordingly, Nationwide is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

69.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

70.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

71.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Nationwide disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

1.  Please produce Nationwide's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.  Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.  Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

048-281732-15

4. Please produce the electronic diary, including the electronic and paper notes made by Nationwide's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Nationwide intend to offer these items into evidence at trial.

## INTERROGATORIES

1. Please identify any person Nationwide expect to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Nationwide or Nationwide's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Nationwide or any of Nationwide's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Nationwide's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Nationwide received notice of the claim;

    b.    The date and manner in which Nationwide acknowledged receipt of

048-281732-15

the claim;

c.    The date and manner in which Nationwide commenced investigation of the claim;

d.    The date and manner in which Nationwide requested from the claimant all items, statements, and forms that Nationwide reasonably believed, at the time, would be required from the claimant; and

e.    The date and manner in which Nationwide notified the claimant in writing of the acceptance or rejection of the claim.

6.  Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.  When was the date Nationwide anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Nationwide's document retention policy.

10. Does Nationwide contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Nationwide contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Nationwide contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

a.    What performance measures are used; and

b.    Describe Nationwide's bonus or incentive plan for adjusters.

## CONCLUSION

72.    Plaintiff prays that judgment be entered against Nationwide Insurance

Company of America, and that Plaintiff be awarded all of his actual damages,

048-281732-15

consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Nationwide Insurance Company of America, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Scott G. Hunziker*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFIED MAIL®**

DVA Consulting Services
294 Misty Dawn Court
The Woodlands, TX 77385

7015 1730 0000 9426 1884




Nationwide Insurance Co. of America
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701-3218